MEMORANDUM *
David Hawkins and Harry Skeins (the “Appellants”) appeal their jury convictions for committing wire fraud twice in violation of 18 U.S.C. §§ 1343 and 2 and for conspiring to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 2. They challenge the fairness of the district court proceedings and request a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
In rebuttal, the prosecutor improperly implied that Hawkins’ silence in response to a question from FBI Agent Parks about how Hawkins obtained interi- or photographs of the properties constituted substantive evidence of Hawkins’ guilt. Hawkins’ lawyer did not object to the prosecutor’s statements, so we review for plain error. Fed.R.Crim.P. 52(b). To constitute plain error, “the error must have been prejudicial enough to affect the outcome of the proceedings.” Territory of Guam v. Veloria, 136 F.3d 648, 652 (9th Cir.1998). The government presented substantial evidence of Hawkins’ guilt. We conclude that the prosecutor’s statements did not affect the outcome of the proceedings.
The prosecutor also stated in rebuttal that he did not charge DePaola because he did not have sufficient evidence. Appellants argue that this amounted to an improper expression by the prosecutor of his personal opinion about their guilt. We disagree. The prosecutor’s statement only implied that he had evidence that Appellants were guilty. This was already apparent to the jury from the prosecutor’s decision to bring the case. Moreover, the prosecutor’s statement was a fair response to the earlier assertion by Skeins’ lawyer that DePaola and Hossain were the real “fraudsters” who deserved to be charged.
Appellants further argue that the prosecutor committed reversible error by vouching for DePaola and Kendrick, by stating that DePaola’s false statements on the loan application were not “material,” and by referring to Kendrick’s unsworn testimony. However, even if the prosecutor’s statements were improper (which we do not decide), Appellants fail to show how *529 any of the statements plausibly could have affected the jury’s verdict.
Appellants argue that the district judge erred by failing to adopt the proposed jury instruction identifying specific intent as an element of the crime of conspiracy to commit wire fraud. We disagree. A conspiracy instruction that excludes intent is adequate if the court separately “instructfs] the jury on the particular intent necessary to commit each of the substantive crimes.” United States v. Smith, 891 F.2d 703, 709 (9th Cir.1989), amended in unrelated part by 906 F.2d 385 (9th Cir.1990), cert. denied, 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990). The jury instructions included intent as an element of the substantive crime of wire fraud.
Appellants argue that the district judge erred by accepting the jury’s verdict without first answering the jurors’ questions. We disagree. There is no evidence that the district judge behaved improperly. Appellants’ lawyers did not attempt to clarify how much time passed between when the jurors posed their questions and when they returned a verdict. The jurors’ questions were easily answered, and the judge could have adequately responded to them by directing the jurors simply to reread the instructions.
Finally, there was no cumulative error.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.